1
2
3
4
5
6
7
8
9        **IN THE UNITED STATES DISTRICT COURT**
10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11
12
13   BARRY R. SCHOTZ,                          Case No. CV 18-2102 FMO (MRW)
14                     Petitioner,             **ORDER DISMISSING ACTION**
15             v.
16   STEVEN LANGFORD, Warden,
17                     Respondent.
18
19       The Court dismisses this habeas action by a federal prisoner. Petitioner's
20   arguments duplicate those recently presented to – and rejected by – this district
21   court.
22                                   * * *
23       1.      Petitioner Schotz is an inmate at the federal facility in Lompoc. He
24   is serving a 189-month sentence for a fraud offense that a federal court in Illinois
25   imposed.
26       2.      In 2017, Petitioner was 66 years old. He had served approximately
27   12 years of his full sentence. He also had some health issues that prison officials
28   treated during his incarceration. Petitioner asked the Bureau of Prisons to file a

motion in federal court to reduce his sentence for compassionate reasons. Petitioner cited 18 U.S.C. § 3582 and BOP Program Statement 5050.49.

     3.    The warden denied the request on a variety of grounds. Petitioner subsequently filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2241. <u>Schotz v. Langford</u>, No. CV 17-8236 MRW (C.D. Cal.). Petitioner contended that the BOP "lacks authority" under its program statement to refuse to file a motion for a sentencing reduction and cannot consider statutory factors reserved for a federal sentencing court.

     4.    In February 2018, the Court (Magistrate Judge Wilner, sitting by consent of the parties) dismissed that action for lack of jurisdiction. Judge Wilner concluded that: (a) a federal court lacks the authority to review a BOP decision declining to file a resentencing motion; and (b) Petitioner failed to convincingly demonstrate that the BOP was without authority to make that decision. (Dismissal Order at 3-5.)

     5.    Petitioner filed several post-judgment motions with the Court to challenge the dismissal of his petition. However, he did not seek appellate review of the dismissal in the Ninth Circuit.

     6.    Instead, Petitioner filed this action in March 2018.[1] The gist of the current habeas petition is again that the BOP "has taken action in excess of their authority" by rejecting Petitioner's request that the BOP move for a sentencing reduction. (Petition at 1.) Petitioner contends that the factors listed in the BOP regulation for the agency to consider before making such a motion "usurp[ ] the role of the courts" because the BOP is not expressly "authorized to utilize nor consider" them. (Memo of P&A at 1.)

* * *

---

[1] Judge Wilner was assigned as the magistrate judge to the current matter under the Court's governing general order and local practice.

1    7.    If it "plainly appears from the face" of a habeas petition that "the

2    petitioner is not entitled to relief," a magistrate judge may submit a proposed

3    order for summary dismissal to district judge.  Local Civil Rule 72-3.2.

4    8.    The Court summarily dismisses Petitioner's action.  Petitioner takes

5    pains to state (as he did in his previous action) that he is not seeking judicial

6    review of the BOP's underlying adverse action in his circumstance.

7    Nevertheless, the arguments he makes about the BOP's alleged lack of statutory

8    authority in denying his request for compassionate release are virtually identical

9    to those previously presented in this Court.

10    9.    Petitioner offers no legal authority in support of his bare claim that

11    the BOP "usurped" judicial authority by implementing regulations that parallel

12    or overlap with those that a court may consider.  Rather, several weeks after his

13    first action was dismissed, he recycled his arguments to present them in a

14    second petition that presents a similar challenge.

15    10.    Petitioner is not entitled to repeated consideration of those

16    arguments in this Court.  He may seek appellate consideration of the earlier

17    dismissal (if he has not forfeited this right by his delay).  However, another

18    action presenting the same essential claim is improper.

1     Therefore, the present action is hereby DISMISSED without prejudice.

2     IT IS SO ORDERED.

3

4     Dated:     3/22/18                          _F____b__n._U__j___

5                                                 HON. FERNANDO M. OLGUIN
                                                  UNITED STATES DISTRICT JUDGE
6

7     Presented by:

8

9

10

11    HON. MICHAEL R. WILNER
      UNITED STATES MAGISTRATE JUDGE
12